# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GREGORY LEONARD FINCH,
          Appellant,

      v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
AT-1221-20-0167-W-1

DATE: November 16. 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Gregory Leonard Finch, Fort Walton Beach, Florida, pro se.

Brandon Iriye, Esquire, United States Army Garrison Daegu, South Korea,
    for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant is a Food Program Manager at Fort Rucker in Alabama. Initial Appeal File (IAF), Tab 9 at 134.  In 2019, he filed a complaint with the Office of Special Counsel (OSC), alleging that, in retaliation for his engaging in various protected activities, he was not selected for several positions.  IAF, Tab 12 at 21-23.  The appellant identified his protected activities as filing an administrative grievance in 2010, contacts with an equal employment opportunity (EEO) officer between 2012 and 2014, and a complaint to the agency's Office of the Inspector General (OIG) in May 2018.  *Id.* at 21, 29, 32.  He alleged that in retaliation for these activities, he was not interviewed for several vacancies between June and October of 2019.  *Id.* at 21, 32.  OSC subsequently closed its inquiry into the matter and informed the appellant of his right to file an IRA appeal with the Board. *Id.* at 32-33.

¶3    The appellant subsequently filed the instant IRA appeal.  IAF, Tab 1 at 1-5. The administrative judge informed the appellant of his burden of proof regarding jurisdiction.  IAF, Tab 3.  The agency moved to dismiss the appeal, and the appellant responded to the agency's motion.  IAF, Tab 8 at 10-11, Tab 10 at 6. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 13, Initial Decision (ID).  She found that the appellant's EEO contacts and administrative grievance were not protected activity.  ID at 4-5. However, she found his OIG complaint was protected activity.  ID at 5. Nonetheless, she found that the appellant failed to meet his burden of nonfrivolously alleging that his OIG complaint was a contributing factor in his nonselections.  *Id.*  She based this finding largely on the declarations of the individuals on the hiring committees for the vacancies, who declared that they had no knowledge of the appellant's OIG complaint and were not influenced by

any individual with such knowledge. *Id.* She was not persuaded by the appellant's claim that he emailed a hiring committee member discussing his "EEO and [O]IG issues." *Id.* She reasoned that the appellant did not submit the emails in question. *Id.* Accordingly, the administrative judge found that the appellant failed to nonfrivolously allege the knowledge prong of the knowledge/timing test. *Id.*

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He alleges that he provided copies of his emails with the hiring committee member below and also attaches them to his petition. *Id*. at 5-7. The agency has responded to his petition for review, and the appellant has replied to its response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).[2] *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

The administrative judge correctly found that the appellant exhausted his administrative remedies with OSC.

¶6 Without specifically making a finding, the administrative judge implicitly found that the appellant exhausted his administrative remedies with regard to his administrative grievance, EEO claims, and 2018 OIG complaint. ID at 4; IAF, Tab 12 at 21. Additionally, she implicitly found that the appellant exhausted his

---

[2] A nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal. *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 11 (2014).

administrative remedies regarding four personal actions, namely, his nonselection for four vacancies.  ID at 4 n.1; IAF, Tab 8 at 8, Tab 12 at 21, 32.  She found, however, that the appellant did not exhaust with OSC a 2019 OIG complaint that he submitted below.  ID at 4 n.2; IAF, Tab 12 at 46-47.  The parties do not challenge these findings on review, and we see no reason to disturb them.

The administrative judge correctly found that the appellant's administrative grievance and EEO complaints were not protected but that his OIG complaint was a protected activity.

¶7     The appellant here exhausted his administrative remedies regarding three activities:  his 2010 administrative grievance, his 2012-2014 EEO complaints, and his 2018 OIG complaint.  We address them in turn.

¶8     The administrative judge found that the appellant's administrative grievance and EEO activity were not protected activities for purposes of this IRA appeal.  ID at 4-5.  The parties do not challenge these findings on review, and we decline to disturb them.  The Board's IRA jurisdiction covers reprisal for exercising "any appeal, complaint, or grievance right . . . with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]."  5 U.S.C. § 2302(b)(9)(A)(i); *see* 5 U.S.C. § 1221(a); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).  However, the Board's jurisdiction does not cover claims arising under section 2302(b)(9)(A)(ii), which includes grievance and EEO claims filed for reasons other than remedying a violation of section 2302(b)(8).  5 U.S.C. § 1221(a); *Mudd*, 120 M.S.P.R. 365, ¶ 7; *see also Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020).[3]

---

[3] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues.  However, pursuant to the All Circuit Review Act, Pub. L. No. 115 195, 128 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction.  *See* 5 U.S.C. § 7703(b)(1)(B).  Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

¶9    The substance of the appellant's grievance here did not concern remedying an alleged violation of section 2302(b)(8), but rather, his assignment of work in relation to his position description.  IAF, Tab 12 at 41-42.  Therefore, insofar as the appellant alleged that the agency took personnel actions in reprisal for his grievance, we agree with the administrative judge that the Board lacks jurisdiction to consider such allegations in the context of this IRA appeal.  *Mudd*, 120 M.S.P.R. 365, ¶ 7.

¶10    As to the appellant's complaints to an EEO officer about various actions by his supervisors which he perceived as abusive, the record does not appear to contain the appellant's communications with the EEO officer. IAF, Tab 12 at 29, 32, 35.  However, the appellant provided emails which are seemingly his attempts to rectify the situation with management.  *Id*. at 51-57.  The emails seek to remedy allegedly hostile behavior from management officials but do not attribute that hostility to any prior alleged whistleblowing.  The appellant has not separately alleged that he sought to remedy whistleblower reprisal in his contacts with the EEO officer.  Accordingly, we agree with the administrative judge that the appellant failed to nonfrivolously allege that his complaints to the EEO officer were protected activities.

¶11    Finally, the administrative judge found that the appellant's 2018 OIG complaint was a protected activity under section 2302(b)(9).  ID at 5.  The parties do not challenge this finding on review, and we agree with the administrative judge.  Regardless of the content of the disclosure itself, section 2302(b)(9)(C) protects disclosures of information to the Inspector General, and the Board has recognized that disclosures to the OIG are protected.  5 U.S.C. § 2302(b)(9)(C); *see Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶¶ 9-13 (2016) (determining that the Board has IRA jurisdiction over a claim that an agency retaliated against an employee because it perceived him as having engaged in the protected activity under section 2302(b)(9)(C) of reporting matters to the agency's OIG).  The appellant here provided a copy of his 2018 complaint

to the OIG and a letter from the OIG acknowledging receipt of his complaint. IAF, Tab 12 at 37, 40. Accordingly, we agree with the administrative judge that the appellant nonfrivolously alleged that he engaged in protected activity by filing the 2018 OIG complaint.

The appellant has sufficiently made a nonfrivolous allegation that his OIG complaint was a contributing factor in his nonselections.

¶12    The administrative judge found that the appellant failed to meet his burden of proof regarding contributing factor. ID at 5. The appellant on review reasserts that an individual on the hiring committees, as well as a management official, had knowledge of his protected activity. PFR File, Tab 1 at 5-7; IAF, Tab 9 at 131, Tab 10 at 6, 29-30, Tab 12 at 21-22, 24. We agree with the appellant that he met his jurisdictional burden.

¶13    The final jurisdictional issue an appellant must establish is whether he made a nonfrivolous allegation that his disclosure or activity was a contributing factor in the nonselection decisions. *Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014). To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, the appellant only need raise a nonfrivolous allegation that the fact or the content of the protected activity was one factor that tended to affect the personnel action in any way. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 13 (2016). One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the protected activity or was influenced by someone who knew of the activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the personnel action. *Id.*, ¶¶ 13, 15.

¶14    At this stage, the appellant can meet his burden of proof without specifically identifying which management officials were responsible for the

reprisal. *Id.*, ¶ 16. The burden to establish jurisdiction is the appellant's, but, when the personnel action at issue is a nonselection, the evidence concerning who was involved in the selection process, what they knew about the appellant's protected disclosures, and who may have influenced their decision is exclusively within the agency's possession. *Id.* The appellant both below and on review provided a September 2019 email exchange between himself and a member of three different hiring committees for positions for which the appellant applied. PFR File, Tab 1 at 6-7; IAF, Tab 9 at 131, Tab 10 at 29-30. In the email exchange, the appellant discussed being referred for several positions but not being interviewed. IAF, Tab 10 at 29-30. He further remarked that there were some individuals at the location to which he applied that he "had dealings with, either EEO, [O]IG, or just plain told them they were wrong." *Id.* The individual on the hiring committees responded to this email. *Id.* at 29.

¶15        The record below reflects that this individual was a panel member for a Food Services Specialist position, which the appellant applied to, that was filled in early October 2019. IAF, Tab 9 at 4, 24. The agency provided résumé scoring sheets from the panel members for this position. *Id.* at 43-46. The appellant was the only individual on the certificate of eligibles whose ratings are not included on the sheet. *Id.* at 24-25, 43-46. The record further reflects that the individual the appellant emailed in September 2019 was also a panel member for a "[Contracting Officer's Representative] Food Service Specialist" position, for which the appellant applied, that was also filled in early October 2019. *Id.* at 66, 81. Additionally, this individual was also a panel member for a "Battalion Food Service Specialist" position, for which the appellant applied, that was filled in late August 2019, which predates the panel member's alleged knowledge of the appellant's OIG complaint. IAF, Tab 8 at 84, Tab 10 at 29-30. As to the fourth vacancy for which the appellant exhausted his administrative remedies, a Food Service Specialist position filled in late July 2019, this individual was not on the hiring panel. IAF, Tab 8 at 37.

¶16      Although the record is unclear as to what role this individual played in the hiring decisions, or what authority he had, the appellant has nonfrivolously alleged that he had knowledge of the appellant's OIG complaint prior to two October 2019 nonselections at issue in this IRA appeal.  We thus find that the appellant has sufficiently met the knowledge prong of the knowledge/timing test. *Bradley*, 123 M.S.P.R. 547, ¶ 16 (finding an appellant met his jurisdictional burden as to contributing factor when he alleged that senior agency officials with knowledge about his protected disclosures conspired with others not to select him for the position at issue).  Moreover, these nonselections occurred within 1 month after the appellant informed the member of the hiring panel of his OIG complaint, and less than 2 years after the OIG complaint itself.  PFR File, Tab 1 at 6-7; IAF, Tab 12 at 40, Tab 9 at 4, 66.  We therefore find that the appellant has sufficiently met the timing prong of the knowledge/timing test as well.  *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015) (finding a personnel action taken within approximately 1 to 2 years of the appellant's protected disclosures satisfied the knowledge/timing test).  To the extent the individual on the hiring panel declared that he was unaware of the appellant's OIG complaint, we find that this constitutes a mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, and we thus may not weigh the evidence and resolve the conflicting assertions of the parties.  *See Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 11 (2014) (explaining that, at the jurisdictional stage, an administrative judge may not weigh the evidence, and the agency's evidence may not be dispositive); *see also Hessami v. Merit Systems Protection Board*, 979 F.3d 1362 (Fed. Cir. 2020) ("[W]hether the appellant has non-frivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face.").  As such, we find that the appellant has nonfrivolously alleged that his OIG

complaint was a contributing factor in his two October 2019 nonselections and remand this appeal for adjudication on the merits. *Nasuti*, 120 M.S.P.R. 588, ¶ 9.

¶17     The appellant further alleged that the Logistics Readiness Center (LRC) Director was aware of the appellant's OIG complaint and had retaliated against the appellant by influencing individuals involved in his nonselections. IAF, Tab 12 at 21-22, 24. Any doubt or ambiguity as to whether the appellant has made nonfrivolous allegations should be resolved in favor of finding jurisdiction. *Bradley*, 123 M.S.P.R. 547, ¶ 6; *see Nasuti*, 120 M.S.P.R. 588, ¶¶ 8-9 (explaining that at the jurisdictional stage, an appellant's uncontroverted allegation of knowledge is sufficient; he does not have to present evidence of actual knowledge). In light of the nature of the alleged personnel actions, we find the appellant has nonfrivolously alleged the knowledge prong of the knowledge/timing test. As discussed above, he filed his OIG complaint less than 2 years before his other two nonselections in July and August 2019. IAF, Tab 8 at 37, 84, Tab 12 at 40. We therefore find that the appellant has nonfrivolously alleged that he met the timing prong of the knowledge/timing test as well. *Mastrullo*, 123 M.S.P.R. 110, ¶ 21. To the extent the members of the hiring panels declared they were not influenced by the LRC Director in the appellant's nonselections, we will not weigh this evidence at this point in the proceedings. *Carney*, 121 M.S.P.R. 446, ¶ 11. Accordingly, we find that the appellant has nonfrivolously alleged that his OIG complaint was a contributing factor in his July and August 2019 nonselections and remand this appeal for adjudication of the merits of these alleged nonselections as well. *Nasuti*, 120 M.S.P.R. 588, ¶ 9.

¶18     Accordingly, we vacate the initial decision. On remand, the administrative judge may reimplement his prior findings regarding the appellant's grievance and EEO complaints in his remand initial decision. The administrative judge shall then determine whether the appellant established by preponderant evidence that his 2018 OIG complaint was a contributing factor in the nonselections in question. If the administrative judge finds that the appellant has met his burden,

he shall determine whether the agency has met its burden to show by clear and convincing evidence that it would have made the same hiring decisions absent the appellant's protected activity.

## ORDER

¶19     For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                                    /s/ for
                                          _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.